**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT
JOHN A. BRATT:

**MARK R. OWENS**
**JAMES F. EHRENBERG**
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**RONALD L. CROSS**
**ANDREW J. SICKMANN**
Boston Bever Klinge Cross & Chidester
Richmond, Indiana

FILED

Feb 12 2013, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HOFFCO/COMET INDUSTRIES, INC., | ) | |
| JOHN A. BRATT, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1208-PL-365 |
| | ) | |
| ARNOLD BOYD, ALAN J. COX, | ) | |
| RICHARD D. MARTIN and GARY | ) | |
| WEILENMAN, on their own behalf, and on behalf | ) | |
| of those similarly situated, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

INTERLOCUTORY APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-1110-PL-42

**February 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

John A. Bratt was the chief executive officer of Hoffco/Comet Industries, Inc. ("Hoffco"), and Hoffco's parent company, Tenax Corporation ("Tenax"). Pursuant to company policy, Hoffco employees forfeited any unused vacation benefits that existed at the end of each vacation year on May 31. On or before June 1, 2009, Hoffco management announced that any unused vacation time for the 2008-2009 vacation year would be carried over to the 2009-2010 vacation year, which began June 1, 2009. The employees allege that shortly after this policy change was announced, Hoffco management began to deny their vacation requests and discouraged absences. Hoffco ceased operations in October 2009, resulting in the loss of the employees' accrued vacation benefits.

In October 2011, Arnold Boyd and other Hoffco employees filed a class action complaint against Bratt, Hoffco, and Tenax, alleging claims of actual and constructive fraud. Bratt filed a combined motion to dismiss for failure to state a claim and motion for change of venue. After a hearing, the trial court denied both motions.

Bratt now appeals. Because Indiana does not recognize a claim for either actual or constructive fraud based on an unfulfilled promise to do something in the future, regardless of whether the promisor actually intended to fulfill that promise, we reverse the trial court's denial of Bratt's motion to dismiss and therefore need not address its denial of Bratt's motion for change of venue.

## Facts and Procedural History

The Hoffco employees' complaint contains the following allegations:

11. At all times and places set forth herein the defendant, John A. Bratt, was the Chief Executive Officer of Tenax and Hoffco.

12. At all times and places set forth herein, the defendant, John A. Bratt exercised substantially total control over the business and operational policies of the defendant, Hoffco and its employees.

13. At all times material herein, the defendant Hoffco had in place a vacation benefits policy that defined a vacation year as a consecutive twelve (12) month period beginning on June 1 of a given year and ending on May 31 of the next year.

14. On or prior to June 1, 2009, management at Hoffco announced that any unused vacation benefits for the 2008 – 2009 vacation year would be permitted to be carried forward into the 2009 – 2010 vacation period.

15. Prior to the announcement described in rhetorical paragraph #14, above, the then existing Hoffco vacation policy provided that employees forfeited any unused vacation benefits that existed at the end of a vacation year.

16. Within a matter of only a few weeks after making the announcement described in rhetorical paragraph #14, above, management at Hoffco, at the direction of the defendant Bratt, began an overt course of conduct whereby requests by Hoffco employees for use of vacation benefits were denied; absences were discouraged and, if granted at all, were to be without pay.

### COUNT I – CONSPIRACY TO DEFRAUD AND FRAUD

….

18. The policy decisions described in rhetorical paragraphs #14 and #16, above, were made at the instance and direction of the defendant, John A. Bratt and implemented through upper management of Tenax and Hoffco.

19. The defendant, John A. Bratt, made the policy decisions describe[d] in rhetorical paragraphs #14 and #16, above, for purposes of

3

defrauding the plaintiff class members and … denying said plaintiffs the wages in the form of unused vacation benefits to which they were entitled and would have otherwise enjoyed.

20.     The defendant, John A. Bratt, purposefully extended all Hoffco employees' unused 2008 – 2009 vacation benefits with knowledge that Hoffco would likely cease production operations in the near future, and with the intent that the employees of Hoffco would refrain from usage of their remaining unused 2008 – 2009 vacation year benefits in expectation that those benefits would be available to them during the 2009 – 2010 vacation year.  Bratt then made the management decision to deny usage of any such vacation benefits during that part of the 2009 – 2010 vacation year prior to the plant closure on October 19, 2009.

21.     The defendant, John A. Bratt, knowingly conveyed false and material misrepresentations of existing facts to the class plaintiffs concerning anticipated permitted usage of their accrued vacation which caused the plaintiffs to rely upon said misrepresentations to their detriment.

22.     The actions of the defendant, John A. Bratt, were fraudulent and made with the intent to deprive the class plaintiffs of their accrued vacation wages in such a manner as to render the said defendant liable to the class plaintiffs for exemplary damages.

….

24.     The class plaintiffs have not been paid and are owed their unpaid and accrued vacation wages in such sums as shall be established by the evidence to be adduced in the trial of this action.

….

## COUNT II – CONSTRUCTIVE FRAUD

….

26.     The defendants, John A. Bratt, Hoffco and Tenax, gained direct financial benefits in the delayed closure of Hoffco by keeping the class plaintiffs at work with knowledge that their accrued vacation benefits would be lost.

27. Without regard to the intent and scienter of the defendant, John A. Bratt, the actions of all defendants were unjust and constructively fraudulent as to the class plaintiffs.

Appellant's App. at 16-19.[1]

Bratt filed a combined motion to dismiss the employees' complaint for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6) and motion for change of venue pursuant to Indiana Trial Rules 12(B)(3) and 75. The employees filed a response, and Bratt filed a reply. After a hearing, the trial court issued an order denying both of Bratt's motions. This interlocutory appeal ensued.

## Discussion and Decision

Generally, we review de novo a trial court's ruling on a motion to dismiss for failure to state a claim. *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002 (Ind. Ct. App. 2003), *trans. denied*. A motion to dismiss for failure to state a claim tests the legal sufficiency of a claim, not the facts supporting it. *Id*. "The standard to be applied is that a complaint is subject to dismissal only when it appears to a certainty that the plaintiff would

---

[1] The complaint also alleges that Hoffco and Tenax violated Indiana's wage claim statute. Hoffco and Tenax are not affected by the trial court's ruling on Bratt's motions, but Indiana Appellate Rule 17(A) provides that "[a] party of record in the trial court … shall be a party on appeal."

not be entitled to relief under any set of facts." *Id.*[2] We must accept as true the facts alleged in the complaint, but we "need not accept as true conclusory, non-factual assertions or legal conclusions." *Richards & O'Neil, LLP v. Conk*, 774 N.E.2d 540, 547 (Ind. Ct. App. 2002).

Regarding the employees' actual fraud claim, our supreme court has said that the elements of such a claim are "(i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon by the complaining party and (v) proximately caused the complaining party injury." *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996). Bratt argues that the employees' actual fraud claim must be dismissed because their complaint does not allege a material misrepresentation of a past or existing fact.

We agree. At most, the complaint describes an unfulfilled promise to do something in the future, that is, to allow the employees to reap their unused 2008-2009 vacation benefits during the 2009-2010 vacation year. Our supreme court has said that an unfulfilled promise cannot be a basis for an actual fraud claim in Indiana, regardless of whether the promisor

---

[2] In ruling on a motion to dismiss for failure to state a claim, "[m]atters outside the pleadings cannot be considered; if matters outside the pleadings are considered the motion becomes one for summary judgment." *Richter*, 790 N.E.2d at 1002 (citing Ind. Trial Rule 12(B) ("If, on a motion [to dismiss for failure to state a claim], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.")). Here, Bratt attached matters outside the pleadings to his motion to dismiss, and the employees did the same with their response. In its order, the trial court stated that it considered Bratt's motion "and subsequent pleadings filed regarding the same" in ruling on the motion. Appellant's App. at 10. Strictly speaking, those filings were not pleadings. *See* Ind. Trial Rule 7(A) ("The pleadings shall consist of: (1) a complaint and an answer; (2) a reply to a denominated counterclaim; (3) an answer to a cross-claim; (4) a third-party complaint, if a person not an original party is summoned under the provisions of Rule 14; and (5) a third-party answer. No other pleadings shall be allowed; but the court may, in its discretion, order a reply to an answer or third-party answer."). Nevertheless, because none of the parties asked the trial court or this Court to treat Bratt's motion to dismiss as a motion for summary judgment, and because the parties were not "given reasonable opportunity to present all material made pertinent" to such a motion, we treat Bratt's motion as a motion to dismiss.

6

actually intended to fulfill the promise. *See Sachs v. Blewett*, 206 Ind. 151, 156, 185 N.E. 856, 858 (1933) ("This court has repeatedly said that actionable fraud cannot be predicated upon a promise to do a thing in the future *although there may be no intention of fulfilling the promise.*") (emphasis added); *Kopis v. Savage*, 498 N.E.2d 1266, 1272 (Ind. Ct. App. 1986) ("In Indiana, actionable fraud arises from false representation of past or existing facts, not from representations as to future action or future conduct. It cannot be based on broken promises, unfulfilled predictions, or statements of existing intent which are not executed.") (citing, inter alia, *Sachs*). Therefore, we reverse the trial court's denial of Bratt's motion to dismiss as to the employees' actual fraud claim. For the same reason, we also reverse the trial court's ruling as to the constructive fraud claim. *See Rice*, 670 N.E.2d at 1284 (listing elements of constructive fraud, including violation of duty to plaintiff "by the making of deceptive material misrepresentations of past or existing facts or remaining silent when a duty to speak exists").[3] Because we reverse the denial of Bratt's motion to dismiss, we need not address the denial of his motion for change of venue.

Reversed.

KIRSCH, J., and MATHIAS, J., concur.

---

[3] We note that the employees' constructive fraud claim is also subject to dismissal because "a fiduciary or other 'special' relationship must exist in order to support a constructive fraud action" and no such relationship is alleged to exist here. *Epperly v. Johnson*, 734 N.E.2d 1066, 1074 (Ind. Ct. App. 2000).